RECEIVED
U.S. MARSHAL
17 NOV 28 PM 12: 04

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SHAUNA MARYANN BOSELLI

Case Number. 8:16-cr-517-T-33AEP
USM Number: 67958-018

Stephen M Crawford, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. §§ 2422(b) and (2) | Enticement of a Minor | July 21, 2016 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment: November 21, 2017

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

November 25, 2017

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Shauna Maryann Boselli
8:16-cr-517-T-33AEP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY (40) YEARS**.

The Court recommends to the Bureau of Prisons that the defendant:
1. That the defendant be confined at a facility in Arizona; and
2. Be evaluated for vocational and educational programs as deemed appropriate by the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on __1-23-18__ to __FCI Aliceville__

at _____, with a certified copy of this judgment.

Patricia W Bradley
~~UNITED STATES MARSHAL~~
Warden

By: _____
~~Deputy U.S. Marshal~~
CSO

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Shauna Maryann Boselli
8:16-cr-517-T-33AEP

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of LIFE.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. The mandatory drug testing provisions of the Violent Crime Control Act are waived. The Court authorizes random drug testing not to exceed 104 tests per year.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

Shauna Maryann Boselli
8:16-cr-517-T-33AEP

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature:_____         Date:_____

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Shauna Maryann Boselli
8:16-cr-517-T-33AEP

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

2. You shall register with the state sexual offender registration agency in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by the probation officer.

3. The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4. You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

5. You are prohibited from possessing, subscribing to, or viewing, any images, video, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.

6. Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet cafe, your place of employment, or an educational facility. Also, you are prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.

7. You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

Shauna Maryann Boselli
8:16-cr-517-T-33AEP

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | Waived | To Be Determined |

## SCHEDULE OF PAYMENTS

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

You shall pay restitution in amount to be determined within 90 days of today's date to the child victim. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim. This restitution will be paid jointly and severally with Richmond Joseph McDonald. While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of monthly earnings if you have a Unicor job. If you are released from custody, your financial circumstances will be evaluated, and the Court may establish a new payment schedule accordingly. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment schedule accordingly. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

### FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Final Order of Forfeiture, that are subject to forfeiture. [SEE FINAL ORDER OF FORFEITURE ATTACHED.]

---

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:16-cr-517-T-33AEP

RICHMOND JOSEPH MCDONALD
SHAUNA MARYANN BOSELLI

### FINAL ORDER OF FORFEITURE

This cause comes before the Court upon the United States' motion for a Final Order of Forfeiture for the following assets:

a. An LG cellular phone, model LGMS631, with serial number 505CYEA014676;

b. LG GSM cellphone, D820 Nexus 5, with Android identification number f886824f1fb40ddc;

c. Gateway desktop computer, with serial number PTG860X00392400B322701;

d. Gateway laptop computer, with serial number NXY14AA0033080F8E23400;

e. Seagate HDD hard drive, model ST500LT012, with serial number WQV62LKP;

f. Windows 8 Pro Surface Computer, model 1631, with serial number 00420150553;

g. ASUS Nexus Tablet, model ME307T, with serial number CC0KBC185368;

h. Toshiba external hard drive, with serial number 285JT1O5TC73;

    i.    Garmin GPS, model Nuvi42, with serial number 145-01615-102;

    j.    A Red 2013 Nissan Juke with Florida license plate number 879YHA and VIN: JN8AF5MR7DT212234; and

    k.    The real property located at 8202 Downfield Lane, Tampa, FL 33615, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

    The following described land located in the County of Hillsborough, State of Florida, to-wit: Lot 13, Block 1, TIMBERLAND UNIT NO. 7A, a subdivision according to the plat or map thereof described in Plat Book 55, at Page(s) 38, of the public records of Hillsborough County, Florida.

    Property Identification Number: U-27-28-17-0AQ-000001-00013.0.

In accordance with the provisions of 21 U.S.C. § 853(n), the United States published notice of the forfeiture, and of its intent to dispose of the assets on the official government website, www.forfeiture.gov. Doc. 84. The publication gave notice to all third parties with a legal interest in the assets to file with the Office of the Clerk, United States District Court, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within 60 days of the first date of publication.

In accord with 21 U.S.C. § 853(n), the United States properly noticed all parties known to have a potential interest in the assets, including Christine

Marie Ostroff, Nationstar Mortgage, Mortgage Electronic Registration Systems, Inc., and the Hillsborough County Tax Collector. The United States acknowledged the claim of the Tax Collector and agrees to pay any and all *ad valorem* real property taxes and *non-ad valorem* assessments due and owing to the Tax Collector from the proceeds of the sale of the real property, to the extent there are sufficient proceeds. Additionally, upon the sale of the real property, pursuant to the terms of the Stipulated Settlement Agreement, the United States agreed to pay Nationstar Mortgage (to the extent there are sufficient proceeds) the unpaid principal and interest due under the mortgage. Other than the defendants, whose interests were previously forfeited to the United States, and the Tax Collector and Nationstar Mortgage, whose interests have been recognized, no other party filed a petition or claimed an interest in the assets, and the time for filing such petition has expired.

The United States' motion is **GRANTED**. Under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, all right, title, and interest in the assets are **CONDEMNED** and **FORFEITED** to the United States for disposition according to law. Clear title to the assets is now vested in the United States of America, subject to the terms of the Stipulated Settlement Agreement with Nationstar Mortgage and any *ad valorem* assets taxes and *non-ad valorem* assessments due and owing to the Tax Collector.

3

DONE and ORDERED in Tampa, Florida, this 19th day of September, 2017.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
James A. Muench, AUSA
Counsel of Record